UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY McMILLAN, : | |
| : | |
| Plaintiff, : | Civ. No. 21-20237 (RBK) (EAP) |
| : | |
| v. : | |
| : | **OPINION** |
| CITY OF CAMDEN, et al., : | |
| : | |
| Defendants. : | |

**ROBERT B. KUGLER, U.S.D.J.**

I.   INTRODUCTION

Plaintiff, Larry McMillan ("Plaintiff" or "McMillan"), is a pretrial detainee at the Camden County Correctional Facility ("CCCF") in Camden, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983 and under state law. Previously, this Court granted Plaintiff's application to proceed *in forma pauperis*. (*See* ECF 2).

This Court must screen the allegations of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

II.   BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion. Plaintiff names two Defendants in this action; more specifically: (1) the City of Camden; and (2) URI Halle – police officer at the Camden County Police Department.

Plaintiff states that someone (hereinafter the "victim") reported a false domestic violence incident against Plaintiff on November 12, 2019 with the Camden County Police Department. (*See* ECF 1 at 6). Defendant Halle interviewed the victim which resulted in Plaintiff being charged with several state law criminal violations. (*See id.* at 6-7). Plaintiff was arrested on November 20, 2019 based on those state criminal charges. (*See id.* at 7). Plaintiff alleges Halle "recklessly disregarded" the truth in procuring an arrest warrant.

Plaintiff asserts Halle is liable for federal claims of false arrest, false imprisonment and malicious prosecution as well as state law claims under the New Jersey Constitution, New Jersey Civil Rights Act and for intentional infliction of emotional distress. Plaintiff sues the City of Camden for failure to train its employees which resulted in Plaintiff's purported false arrest, false imprisonment, malicious prosecution and violations under the New Jersey Constitution and the New Jersey Civil Rights Act. Plaintiff seeks monetary relief as damages.

### III.   LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Courteau v. United States*,

287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

> declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

### A.   Defendant Halle

#### i.   False Arrest/False Imprisonment

Plaintiff first alleges he is entitled to monetary damages from Defendant Halle because he has been falsely arrested and falsely imprisoned. Plaintiff states that Halle recklessly disregarded the truth in his warrant application that negated any possibility of probable cause for his arrest and subsequent imprisonment.

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). "'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police Dep't*, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted). The arresting officer must only reasonably believe at the time of the

arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee*, 502 F. App'x at 228 (citation omitted). Immunity is generally extended to "an officer who makes an arrest based on an objectively reasonable belief that there is a valid warrant." *Adams v. Officer Eric Selhorst*, 449 F. Appx. 198, 202 (3d Cir. 2011) (citing *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 273 (3d Cir. 2000)). However, "an apparently valid warrant does not render an officer immune from suit if his reliance on it is unreasonable in light of the relevant circumstances." *Id.* (citing *Berg*, 219 F.3d at 273). A claim for false imprisonment arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest. *See Adams v. Officer Eric Selhorst,* 449 F. App'x 198, 201 (3d Cir.2011) (citing *Groman,* 47 F.3d at 636). Thus, a claim of false imprisonment in this context is derivative of a claim for arrest without probable cause. *See Johnson v. Camden Cnty. Prosecutors' Office,* No. 11–3588, 2012 WL 273887, at 4 n.2 (D.N.J. Jan. 31, 2012) (citing *Groman,* 47 F.3d at 636).

Plaintiff's false arrest and false imprisonment claims against Halle are insufficient to state a claim. Indeed, Plaintiff merely states in conclusory fashion that Halle lacked probable cause to arrest him. He claims, again in conclusory fashion, without any underlying supporting factual allegations, that Halle used suggestive and coercive tactics in interviewing the victim. Such allegations, in and of themselves, do not state a false arrest/false imprisonment claim with the required facial plausibility. Accordingly, such claims against Halle are dismissed without prejudice for failure to state a claim upon which relief may be granted.

  ii. Malicious Prosecution

Plaintiff next alleges Halle is liable for malicious prosecution. A plaintiff needs to allege the following for a successful malicious prosecution claim:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007).

Plaintiff fails to allege that the criminal proceedings ended in his favor. Therefore, the malicious prosecution claim against Halle is dismissed without prejudice for failure to state a claim. *See Smith v. Wagner*, 573 F. App'x 94, 96 n.2 (3d Cir. 2014) (citing *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009)) ("[B]ecause Smith did not allege that the criminal proceedings at issue ended in his favor, he failed to state a claim of malicious prosecution[.]").

B. City of Camden

Plaintiff next alleges that the City of Camden is liable under a failure to train theory for his false arrest/false imprisonment as well as for his malicious prosecution.

To plead a claim based on failure to train (and/or supervise), a plaintiff "must demonstrate that a ... failure to train ... employees 'reflects a deliberate or conscious choice.'" *Estate of Roman v. City of Newark,* 914 F.3d 789 798-800 (3d Cir. 2019) (quoting *Brown v. Muhlenberg Township*, 269 F.3d 205, 215 (3d Cir. 2001)). Deliberate indifference is plausibly pled by showing that "(1) municipal policy makers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* at 798 (quoting *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011) (internal brackets omitted)). In some instances, "the need for training can be said to be so obvious, that failure to do so could properly be characterized as deliberate indifference to

constitutional rights even without a pattern of constitutional violations." *Thomas v. Cumberland County*, 749 F.3d 217, 223 (3d Cir. 2014) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 n.10 (1989)). "Liability in single-incident cases depends on '[t]he likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights.'" *Id.* at 223-24 (quoting *Bd. of Cty. Com'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997)). An example of a single-incident case that may give rise to liability is the need to train police officers in the constitutional limitations of the use of deadly force. *See City of Canton, Ohio*, 489 U.S. at 390 n.10.

"Liability cannot rest only on a showing that the employees "could have been better trained or that additional training was available that would have reduced the overall risk of constitutional injury." *See id.* at 226 (citing *Colburn v. Upper Darby Tp.*, 946 F.2d 1017, 1029–30 (3d Cir. 1991)). "[T]he causation inquiry focuses on whether the injury [could] have been avoided had the employee been trained under a program that was not deficient in the identified respect." *Id.* (internal quotation marks and citation omitted).

Because Plaintiff has failed to plead an underlying constitutional injury as it relates to his false arrest/imprisonment as well as his malicious prosecution claim against Halle, he has also failed to properly allege a failure to train claim against the City of Camden. *Accord Ianuale v. Keyport Twp.*, No. 15-8256, 2016 WL 5955527, at *10 (D.N.J. Oct. 13, 2016) (dismissing failure to train claims where Court already dismissed underlying allegations of constitutional injury). Therefore, Plaintiff's federal claims against the City of Camden are also dismissed without prejudice for failure to state a claim upon which relief may be granted.

C.  <u>State Law Claims</u>

Plaintiff also brings state law claims against both Defendants. More specifically, Plaintiff alleges that Defendant Halle is liable for intentional infliction of emotional distress as well as for violating the New Jersey Constitution and the New Jersey Civil Rights Act. Similarly, Plaintiff alleges the City of Camden is liable for violating the New Jersey Constitution and violating the New Jersey Civil Rights Act.

As noted above, this Court has dismissed all of Plaintiff's federal claims against the two named Defendants. When a court dismisses all claims over which it had original federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). As Plaintiff's federal claims have been dismissed at this early screening stage for failure to state a claim upon which relief may be granted, this Court will exercise its discretion to decline supplemental jurisdiction over any related state law claims.

V.  **CONCLUSION**

For the foregoing reasons, Plaintiff has failed to state a federal claim against either of the two named Defendants and this Court declines to exercise supplemental jurisdiction over Plaintiff's related state law claims. Accordingly, the complaint is dismissed without prejudice. Plaintiff may file a proposed amended complaint that corrects the deficiencies of his original complaint outlined in this opinion within thirty (30) days should he elect to do so. An appropriate order will be entered.

DATED: July 14, 2022                                             s/ Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge