UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| LARRY MCMILLAN, | : | |
| Plaintiff, | : | Civ. No. 21-20237 (RBK) (EAP) |
| | : | |
| v. | : | |
| | : | |
| CITY OF CAMDEN, et al., | : | **MEMORANDUM & ORDER TO SHOW** |
| Defendants | : | **CAUSE** |
| | : | |

## I. INTRODUCTION

Plaintiff, Larry McMillan ("Plaintiff" or "McMillan"), is proceeding *pro se* with a proposed amended complaint. (*See* ECF 6). Previously, this Court granted Plaintiff's application to proceed *in forma pauperis*. (*See* ECF 2).

This Court must screen the allegations of the proposed amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, prior to screening the proposed amended complaint, this Court will order Plaintiff to show cause why his proposed amended complaint should not be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

## II. FACTUAL AND PROCEDURAL BACKGROUND

The allegations of the proposed amended complaint are construed as true for purposes of this screening opinion. Plaintiff names two Defendants in his proposed amended complaint; they are as follows: (1) URI Halle; and (2) the City of Camden.

Plaintiff claims he was falsely arrested and falsely imprisoned by Halle. Halle allegedly made material misrepresentations and omissions on an affidavit in support of a warrant that led

to Plaintiff's arrest arising from a purported assault by Plaintiff that occurred on November 11, 2019. Plaintiff lists numerous issues he has with the affidavit in his proposed amended complaint that led to his arrest.

Plaintiff argues that there were numerous red flags from what the victim told him such that he had a duty to investigate further before applying for the warrant. Plaintiff further states that the City of Camden is liable because it did not provide adequate training to Halle in criminal investigation, including how to determine the existence of probable cause to seek an arrest. Plaintiff seeks monetary damages as relief.

Plaintiff was a pretrial detainee at the Camden County Correctional Facility when he initiated this action. Subsequently, this Court screened Plaintiff's original complaint and dismissed it without prejudice for failure to state a claim upon which relief may be granted. (*See* ECF 4 & 5). Plaintiff subsequently filed a proposed amended complaint that is the pleading currently at issue. (*See* ECF 6). Subsequently, Plaintiff updated his address to indicate that he was no longer at a county facility, but instead now incarcerated at South Woods State Prison in Bridgeton, New Jersey. (*See* ECF 10). Indeed, the New Jersey Department of Corrections online inmate locator indicates that Plaintiff was sentenced for numerous crimes including assault on December 16, 2022 for offenses occurring on November 11, 2019. *See https://www20.state.nj.us/DOC_Inmate/details?x=1375301&n=0* (last visited on July 18, 2023).

### III.   LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides

in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

Plaintiff asserts that the Defendants are liable for false arrest and false imprisonment. In *Heck v. Humphrey*, however, the United States Supreme Court limited a § 1983 plaintiff's right to recover for certain causes of action if the plaintiff has received a conviction on charges directly related to the § 1983 claim. 512 U.S. 477 (1994). In particular, *Heck* restricts a plaintiff's ability to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck*, 512 U.S. at 486. In order to recover damages in such a case, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.

4

Accordingly, when a prisoner seeks damages in a civil suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. "Claims for malicious prosecution or false imprisonment arising from the prosecution, arrest, and imprisonment that led to a plaintiff's conviction are clear examples of *Heck*-barred claims, because success on those claims requires showing unlawful prosecution or imprisonment." *Ortiz v, New Jersey State Police*, 747 F. App'x 73, 77 (3d Cir. 2018).

In this case, it appears that Plaintiff's claims for false arrest and false imprisonment would necessarily imply the invalidity of his criminal convictions arising from the November 11, 2019 incident. However, prior to dismissing the proposed amended complaint pursuant to *Heck*, Plaintiff shall be given an opportunity to show cause why the *Heck* bar should does not apply in this case.

## V.    ORDER

For the foregoing reasons, IT IS on this 18th day of July, 2023,

ORDERED that Plaintiff shall show cause within thirty (30) days of the date of this memorandum and order why his proposed amended complaint should not be dismissed as his claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and it is further

ORDERED that the Clerk shall serve this memorandum and order on Plaintiff by regular U.S. mail

s/ Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge