UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LARRY MCMILLAN, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 21-20237 (RBK) (EAP) |
| | : | |
| v. | : | |
| | : | |
| CITY OF CAMDEN, et al., | : | **MEMORANDUM & ORDER** |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff, Larry McMillan ("Plaintiff" or "McMillan"), is proceeding *pro se* with a proposed amended complaint. (*See* ECF 6). This Court previously stated the facts raised in Plaintiff's amended complaint and relevant procedural history as follows:

> Plaintiff names two Defendants in his proposed amended complaint; they are as follows: (1) URI Halle; and (2) the City of Camden.
>
> Plaintiff claims he was falsely arrested and falsely imprisoned by Halle. Halle allegedly made material misrepresentations and omissions on an affidavit in support of a warrant that led to Plaintiff's arrest arising from a purported assault by Plaintiff that occurred on November 11, 2019. Plaintiff lists numerous issues he has with the affidavit in his proposed amended complaint that led to his arrest.
>
> Plaintiff argues that there were numerous red flags from what the victim told him such that he had a duty to investigate further before applying for the warrant. Plaintiff further states that the City of Camden is liable because it did not provide adequate training to Halle in criminal investigation, including how to determine the existence of probable cause to seek an arrest. Plaintiff seeks monetary damages as relief.
>
> Plaintiff was a pretrial detainee at the Camden County Correctional Facility when he initiated this action. Subsequently, this Court screened Plaintiff's original complaint and dismissed it without prejudice for failure to state a claim upon which relief may be

> granted. (*See* ECF 4 & 5). Plaintiff subsequently filed a proposed amended complaint that is the pleading currently at issue. (*See* ECF 6). Subsequently, Plaintiff updated his address to indicate that he was no longer at a county facility, but instead now incarcerated at South Woods State Prison in Bridgeton, New Jersey. (*See* ECF 10). Indeed, the New Jersey Department of Corrections online inmate locator indicates that Plaintiff was sentenced for numerous crimes including assault on December 16, 2022 for offenses occurring on November 11, 2019. *See* https://www20.state.nj.us/DOC_Inmate/details?x=1375301&n=0 (last visited on July 18, 2023).

*McMillan v. City of Camden*, No. 21-20237, 2023 WL 4601027, at *1 (D.N.J. July 18, 2023).

In conducting the required *sua sponte* screening of Plaintiff's amended complaint, this Court determined that Plaintiff's amended complaint may be barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). *See McMillan*, 2023 WL 4601027, at *2-3. Accordingly, this Court ordered Plaintiff to show cause why the *Heck* bar does not require dismissal of the amended complaint at this time. *See id.* at *3.

Subsequently, Plaintiff submitted a letter request seeking an order from this Court to have the South Woods State Prison give him more library time so he could file a response to the order to show cause as well as an extension of time to file a response to the order to show cause. (*See* ECF 13). As to Plaintiff's request for more law library time, he states that he is only afforded forty minutes per week which is insufficient. Each of these requests is considered in turn.

By asking this Court to order the South Woods State Prison award him more law library time, Plaintiff is essentially seeking preliminary injunctive relief. "To obtain injunctive relief, a party must show a likelihood of success on the merits, irreparable harm if the injunction is not granted, that relief will not cause greater harm to the nonmoving party, and that relief is in the public interest." *Shelley v. Metzger*, 832 F. App'x 102, 104–05 (3d Cir. 2020) (citing *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010)).

As noted above, Plaintiff's amended complaint alleges claims related to false arrest and false imprisonment. However, by requesting preliminary injunctive relief for more law library time, Plaintiff may be attempting to assert a denial of access to courts claim under the First and Fourteenth Amendments. *See Ward v. Aviles*, No. 11-6252, 2012 WL 2341499, at *2 (D.N.J. June 18, 2012) (noting request for injunctive relief for more law library time may be a violation of the First and Fourteenth Amendments). However, such allegations have never been part of Plaintiff's amended complaint. In similar circumstances, courts have required a plaintiff to file a new pleading that asserts the new claims raised in such preliminary injunctive relief requests. *See, e.g.*, *Welch v. Cty. of Burlington*, No. 21-4526, 2021 WL 3418680, at *11 (D.N.J. Aug. 5, 2021) (noting prior to seeking preliminary injunctive relief on new issues not raised in plaintiff's complaint, Plaintiff must file an amended complaint). Thus, Plaintiff's request for preliminary injunctive relief related to seeking additional law library time is denied without prejudice.

Furthermore, even if Plaintiff had asserted an access to courts claim in his proposed amended complaint, based on this record, Plaintiff's request for preliminary injunctive relief could be denied for another reason. More specifically, Plaintiff fails to show a likelihood of success on the merits to warrant preliminary injunctive relief for the reason discussed below.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard,* 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey,* 518 U.S. 343, 346 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury,* 536 U.S. 403, 415,

3

(2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205–06 (footnote omitted) (citing *Christopher,* 536 U.S. at 416–17). Plaintiff does not show that his purported limited access to the law library has prevented him from pursuing an arguable legal claim.

Nevertheless, in the interest of justice, this Court will grant Plaintiff's request for an extension of time to file a response to the order to show cause in this case which should help alleviate any concern by Plaintiff that he cannot adequately respond to the order to show cause. Plaintiff shall have until October 30, 2023 to file such a response, which now gives him over three months from the date of the order to show cause in which to file his response.

Accordingly, IT IS on this 30th day of August, 2023,

**ORDERED** that Plaintiff's request for additional time to file a response to the order to show cause (ECF 13) is granted; Plaintiff shall have until October 30, 2023 in which to file a response to this Court's order to show cause (ECF 12); and it is further

**ORDERED** that to the extent that Plaintiff's request (ECF 13) also seeks preliminary injunctive relief for more law library time at the South Woods State Prison, such request is denied without prejudice; and it is further

**ORDERED** that the Clerk shall serve this memorandum and order on Plaintiff by regular U.S. mail.

s/ Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge