UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LARRY McMILLAN, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 21-20237 (RBK) (EAP) |
| | : | |
| v. | : | |
| | : | |
| CITY OF CAMDEN, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

I.     INTRODUCTION

Plaintiff, Larry McMillan ("Plaintiff" or "McMillan"), is a state prisoner proceeding *pro se* with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. (*See* ECF 6). At this time, this Court must screen Plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether the amended complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or whether Plaintiff seeks monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's amended complaint is dismissed without prejudice as it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

II.     FACTUAL AND PROCEDURAL BACKGROUND

The allegations of Plaintiff's amended complaint shall be construed as true for purposes of this screening opinion. This Court initially screened Plaintiff's original complaint and dismissed it without prejudice for failure to state a federal claim upon which relief may be granted and declined to exercise supplemental jurisdiction over any state law claims. (*See* ECF 4 & 5). Thereafter, Plaintiff filed the pending proposed amended complaint. (*See* ECF 6).

Plaintiff's amended complaint names two Defendants: (1) Uri Halle; and (2) the City of Camden. The allegations of Plaintiff's amended complaint arise from an assault that he committed on November 11, 2019 (*see* ECF 6 at 2) for which he was eventually convicted. *See https://www-doc.state.nj.us/DOC_Inmate/details?x=1375301&n=0* (last visited on Feb. 22, 2024) (noting Plaintiff's convictions for assault and other crimes for events occurring on November 11, 2019).[1] Plaintiff asserts that Defendant Halle is liable due to Plaintiff for false arrest, false imprisonment as well as for violating the New Jersey Constitution and the New Jersey Civil Rights Act ("NJCRA"). He also brings a state law claim for intentional infliction of emotional distress. His claims relate to Defendant Halle's interactions and interview with the assault victim which led to Defendant Halle creating an affidavit of probable cause to support arresting Plaintiff. Plaintiff's claims against the City of Camden arise from its purported failure to train employees like Defendant Halle which led to Plaintiff's purportedly improper arrest and imprisonment.

Defendant Halle interviewed the assault victim and created an affidavit of probable cause for Plaintiff's arrest which included material misrepresentations and omissions according to Plaintiff. (*See* ECF 6 at 3). Plaintiff recites various parts of the affidavit of probable cause prepared by Defendant Halle and then claims that Defendant Halle was given ample reasons to doubt the assault victim's veracity. (*See id.* at 3-5). By way of example only, Plaintiff claims Defendant Halle used suggestive interview techniques such that the victim's statement to him

---

[1] The Court may consider matters of public record when conducting a screening under 28 U.S.C. § 1915. *See Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 n.3 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). This Court may also take judicial notice of prior court proceedings. *See In re Ellerbe*, No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022) (per curiam) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988).

was not in fact from her own recollection of the assault incident. (*See id.* at 5). This purportedly amounted to a narrative of the incident that "was not hers" according to Plaintiff. (*See id.* at 6). Plaintiff further notes that the victim neither sought nor inquired seek about any type of medical attention and showed no sign of discomfort during the interview. (*See id.* at 9). Plaintiff states that there were clear "red flags" that Defendant Halle had during the interview such that he should have investigated further before applying for the arrest warrant because there were obvious reasons to doubt the victim's veracity. (*See id.* at 10).

With respect to Defendant the City of Camden, Plaintiff alleges that it did not provide adequate training to its police officers, including how to determine the existence of probable cause for arrest and what constitutes a proper arrest under the Fourth Amendment. (*See id.* at 10).

Plaintiff seeks monetary damages as relief. (*See id.* at 3).

This Court ordered Plaintiff to show cause why his amended complaint should not be dismissed as barred under *Heck*. (*See* ECF 14). Plaintiff responded in October, 2023, arguing that his amended complaint should not be barred under *Heck* because it does "not necessarily implicate the validity of the conviction or sentence[.]" (*See* ECF 15).

### III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the

4

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

### A.   *Heck* Bar

Plaintiff brings federal claims against the Defendant Halle for false arrest and false imprisonment. As this Court noted in the previous order to show cause:

> In *Heck v. Humphrey* . . . the United States Supreme Court limited a § 1983 plaintiff's right to recover for certain causes of action if the plaintiff has received a conviction on charges directly related to the § 1983 claim. 512 U.S. 477 (1994). In particular, *Heck* restricts a plaintiff's ability to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck*, 512 U.S. at 486. In order to recover damages in such a case, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.
>
> Accordingly, when a prisoner seeks damages in a civil suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

5

> sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. "Claims for malicious prosecution or false imprisonment arising from the prosecution, arrest, and imprisonment that led to a plaintiff's conviction are clear examples of *Heck*-barred claims, because success on those claims requires showing unlawful prosecution or imprisonment." *Ortiz v, New Jersey State Police*, 747 F. App'x 73, 77 (3d Cir. 2018).

(ECF 12 at 4-5).

Plaintiff's false arrest and false imprisonment claims require the Plaintiff to show that the arrest was made without probable cause. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 682-83 (3d Cir. 2012). Plaintiff's specific claims in this case for false arrest and false imprisonment though would render his subsequent conviction for assault invalid. Indeed, Plaintiff asserts that Defendant Halle should have investigated the assault victim's statement more thoroughly and/or that he omitted various aspects and attempted to create his own narrative from the victim to establish probable cause for the arrest and imprisonment when probable cause was not present and that there was reason to doubt the victim. Similar claims have been barred under *Heck*. *See, e.g.*, *Rodriguez v. Miller*, No. 14-6290, 2016 WL 361722, at *5 (D.N.J. Jan. 29, 2016) (citations omitted) (finding plaintiff's claims for false arrest and false imprisonment barred by *Heck* where plaintiff asserted Defendants lied about victim's statements concerning Plaintiff's behavior or they coerced the victim into making false statements so that the plaintiff could be prosecuted); *McKinney v. Prosecutor's Office*, No. 13-2553, 2014 WL 2574414, at *4 n.7 (D.N.J. June 4, 2014) (noting to the extent the plaintiff alleged that detective within prosecutor's office is liable because he improperly coached a victim's statement of sex offense, such a claim is barred by *Heck* as it challenges the validity of the conviction); *see also Wallace v. Kato*, 549 U.S. 384, 394 (2007) ("if the plaintiff [who brings a false arrest claim] is ultimately convicted, and if the . . .

civil suit would impugn that conviction, *Heck* will require dismissal . . . ."); *Wells v. King*, 232 F. App'x 148, 149 (3d Cir. 2007) (the success of a false imprisonment claim may not necessarily invalidate a conviction, but if "review of the complaint reveals that the actual claim . . . is the challenge to his conviction" the claim is Heck-barred).

Plaintiff's reliance on *Cresci v. Aquino*, No. 13-4695, ECF 81, in response to the order to show cause is unavailing. In that case, the Court noted that not all false arrest and false imprisonment claims are necessarily *Heck* barred. *See Cresci*, No. 13-4695, ECDF 81 at 12. This Court agrees. *See, e.g.*, *See Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (explaining that "[plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence") (citation omitted); *Patrick v. Kingston Police Dep't*, No. 23-1348, 2023 WL 5163897, at *2 & n.3 (3d Cir. Aug. 11, 2023) (per curiam) (treating Fourth Amendment claims for illegal search and false imprisonment differently than wrongful conviction and malicious prosecution claims under *Heck*). However, in this case, like *Rodriguez* and *McKinney*, given Plaintiff's specific false arrest and false imprisonment claims necessarily imply the invalidity of the assault by challenging the victim's veracity and/or the Defendant's actions and omissions to help create probable cause, such claims are barred under *Heck*. Accordingly, Plaintiff's federal false arrest and false imprisonment claims against Defendant Halle are dismissed without prejudice.

As Plaintiff has failed to allege an underlying constitutional claim against Defendant Halle as it relates to false arrest/false imprisonment, he has also failed to properly allege a failure to train claim against the City of Camden. *Accord Ianuale v. Keyport Twp.*, No. 15-8256, 2016 WL 5955527, at *10 (D.N.J. Oct. 13, 2016) (dismissing failure to train claims where Court

already dismissed underlying allegations of constitutional injury). Therefore, Plaintiff's federal claims against the City of Camden are also dismissed without prejudice.

B. State Law Claims

Plaintiff has also brought claims under the New Jersey Constitution and the NJCRA against the Defendants. This Court has dismissed all of Plaintiff's federal claims against the two named Defendants. When a court dismisses all claims over which it had original federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). As Plaintiff's federal claims have been dismissed at the screening stage, this Court will exercise its discretion to decline supplemental jurisdiction over any related state law claims.

V. CONCLUSION

For the foregoing reasons, Plaintiff's federal claims are dismissed without prejudice as they are barred pursuant to *Heck*. This Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. An appropriate order will be entered.

DATED: February 23, 2024                                s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge